**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CASE NO.: 1:08CV-161-M**

**VICKI BLAND and JEFF BLAND**                                      **PLAINTIFFS**

**v.**

**SOUTHLINE STEEL INDUSTRIES, INC.**                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to dismiss [DN 6] by the Defendant, Southline Steel Industries, Inc. ("Southline"). Also before the Court is a motion to supplement [DN 11] by the Plaintiffs, Vicki and Jeff Bland (the "Blands"). For the reasons that follow, the Court will grant both motions.

**I. INTRODUCTION**

The Blands, who are citizens of Kentucky, filed this action in Taylor County Circuit Court against Southline, an Alabama corporation, seeking a declaration that various guaranty agreements between the Blands and Southline are invalid and unenforceable pursuant to Kentucky law (the "Declaratory Judgment Action"). Southline removed the action to this Court on grounds of diversity of citizenship. Meanwhile, Southline filed a coercive action in the Circuit Court of Jefferson County, Alabama against the Blands and Bland Metals, Inc. ("Bland Metals") which was subsequently removed to the Northern District of Alabama (the "Coercive Action"). In the Coercive Action, Southline alleged that Bland Metals, and the Blands as its alter-egos, were liable to Southline on an open account or an account stated. Southline also alleged that Bland Metals, and the Blands as its alter-egos, were liable to Southline on an unpaid note. Furthermore, Southline alleged that the Blands were liable to Southline for breaching the same guaranty agreements that the

Blands seek to declare as invalid and unenforceable in this Declaratory Judgment Action. On December 10, the Northern District of Alabama, for the convenience of the parties, transferred the Coercive Action to the Western District of Kentucky.

Southline argues that this Declaratory Judgment Action should be dismissed because the Blands are improperly seeking declaratory relief. Southline argues that the Court should exercise its broad discretion and decline to exercise jurisdiction over this matter because the filing of the Declaratory Judgment Action was "procedural gamesmanship" on the part of the Blands. Furthermore, Southline argues that even if the Blands should prevail in this Declaratory Judgment Action, they would still have to litigate their liability in the Coercive Action. The Blands argue that they did not file this Declaratory Judgment Action in an effort to forum shop. Rather, they contend that they filed this action where they reside, where they do business, and where the contract was executed. The Blands also called into question whether the Alabama court could exercise personal jurisdiction over them. In their motion to supplement, the Blands assert that, in transferring the Coercive Action here, the Northern District of Alabama has resolved many of these issues.

## II. DISCUSSION

To determine whether the Declaratory Judgment Action should be dismissed, the Court must first determine whether the first-to-file doctrine precludes dismissal. See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., No. 00-3183, 2001 WL 897452, at *3 (6th Cir. July 31, 2001). If it does not, the Court must then determine whether it should exercise jurisdiction over this matter. See id.

### A. First-to-File Doctrine

The first-to-file doctrine provides that "when actions involving nearly identical parties and

issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" Id. (quoting In re Burley, 738 F.2d 981, 988 (9th Cir.1984)). However, the Court has discretion to dispense with the rule "where equity so demands." Id. Courts routinely dispense with the first-to-file rule where the plaintiff brings "a declaratory judgment action in the forum of his choosing." Id. (citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir.1987)). Generally, the first-to-file doctrine "gives way in the context of a coercive action filed *subsequent* to a declaratory action." AmSouth Bank v. Dale, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (citing Zide, 2001 WL 897452, at *3) (emphasis added). Here, the first-to-file doctrine does not preclude dismissal of the Declaratory Judgment Action. Although this Declaratory Judgment Action was filed before the Coercive Action, seeking relief in the form of a declaratory judgment has permitted the Blands to bring this action in the forum of their choosing. In the Coercive Action, Southline seeks the type of coercive relief that generally dispenses with the first-to-file doctrine. Under these circumstances, the first-to-file doctrine does not apply.

### B. Declaratory Judgment Standard

Having dispensed with the first-to-file doctrine, the Court must next determine whether it should exercise jurisdiction under the Declaratory Judgment Act. Under the Declaratory Judgment Act, the "[e]xercise of jurisdiction . . . is not mandatory." Bituminous Cas. Corp. v. J&L Lumber Co., 373 F.3d 807, 812 (6th Cir. 2004) (citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942)).[1] Instead, the Court "generally considers five factors to determine whether a case is

---

[1] The Blands argue that the applicable law in this matter is Kentucky's state declaratory judgment statute. See KRS 418.040. However, "'[d]eclaratory judgment acts are procedural rules . . . .'" Horace Mann Ins. Co. v. Alberts, No. 1:06CV-181-M, 2007 WL 3025071,

appropriate for declaratory judgment . . . ." Id. at 813. These factors include "(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective." Id. (quoting Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir.2000)).

### 1. *Settle the Controversy*

Southline argues that granting relief in this Declaratory Judgment Action would not settle the controversy because the Blands might still be liable in the Coercive Action as the alter-egos of Bland Metals. The Blands, however, contend that adjudicating their liability on the guaranty agreements would determine whether Southline could pursue them personally on the underlying notes in the Coercive Action. According to the Blands, this would settle the primary controversy between the parties. However, granting the declaratory relief sought by the Blands would not likely settle the controversy; the efforts of the Court in this Declaratory Judgment Action would likely be duplicated by the Court in the Coercive Action. This Court would first have to determine whether Kentucky law is applicable to the controversy. If Kentucky law is applicable, the Court would then

---

at *2 n.1 (W.D. Ky. Oct. 15, 2007) (quoting Nationwide Mut. Fire Ins. Co. v. Creech, 431 F. Supp. 2d 710, 712 n.1 (E.D. Ky. 2006)). Under the Erie doctrine, the Court therefore applies "federal law governing discretion in entertaining declaratory judgment actions even though the action was originally brought under a state declaratory judgment statute and removed to federal court based on diversity . . . ." WBS Connect, LLC v. One Step Consulting, Inc., No. 07-CV-00514, 2007 WL 4268971, at *8 n.5 (D. Colo. Nov. 30, 2007) (citations omitted).

have to determine whether KRS 371.065 invalidates the guaranty agreements. Even if the guaranty agreements are invalid, the Court in the Coercive Action would still have to determine whether the Blands are personally liable on the underlying notes. Furthermore, if the guaranty agreements are valid under Kentucky law, then the Court in the Coercive Action would likely have to repeat the efforts of this Court to determine the scope of the guaranty agreements. Because rendering a declaratory judgment here would not likely settle the controversy, this factor weighs in favor of dismissing this Declaratory Judgment Action.

### *2. Useful Purpose*

Southline argues that this Declaratory Judgment Action will not serve a useful purpose because the Blands are merely seeking a declaration of past liability rather than obtaining a clarification of legal duties regarding potential future harm. The Blands, on the other hand, contend that this Declaratory Judgment Action not only serves a useful purpose, but a vital purpose. They assert that Kentucky's "guaranty statute" is a consumer protection statute. The Blands argue that the purpose of the statute is to protect them and other consumers from guaranty agreements of the type they are seeking to have declared unenforceable.

A declaratory judgment action serves a useful purpose if it "clarifi[es] [the] legal duties for the future, rather than the past harm . . . ." AmSouth, 386 F.3d at 786. Thus, "a party with an ongoing contractual relationship who has been accused of breach can go to court and have the contract definitively interpreted, thus allowing it to conform its behavior to the law *and stop the potential accrual of damages*." Id. (emphasis added). The Sixth Circuit has recognized that "'[t]he Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action.'" Id. at 787 (quoting Int'l Ass'n of Entrepreneurs

5

v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995)). The Sixth Circuit has also held that "[w]here a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." Id. Therefore, when there is "some uncertainty beyond the possibility of litigation[,]" a declaratory judgment action is justified. See id. However, "where the injury is already complete[,]" the declaratory judgment action serves no useful purpose. See id. Here, this Declaratory Judgment Action brought by the Blands would serve no useful purpose. The guaranty agreements are either valid, which would make the Blands liable on the agreements, or they are invalid, which would mean they are not liable on the agreements. Either way, the validity of the agreements could be raised by the Blands in the Coercive Action as an affirmative defense because the injury is already complete. There would be no uncertainty in the agreements beyond the possibility of litigation in the Coercive Action. Because there is "no present or continual wrongdoing[,]" this factor weighs in favor of dismissing this Declaratory Judgment Action. See id. at 787-788.

### 3. Procedural Fencing or Race for Res Judicata

Southline also argues that the Blands filed this Declaratory Judgment Action in order to gain a procedural advantage by filing the action in the forum of their choosing. Southline contends that this action was commenced in anticipation of the Coercive Action which had the effect of deterring settlement negotiations. The Blands deny that this Declaratory Judgment Action was instigated in an effort to forum shop. Instead, they contend that the validity of the guaranty agreements involves a vital question of Kentucky law. They also contend that Kentucky is the more appropriate forum because this is where the events related to the transaction in question occurred.

"Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suit [is] filed" where the plaintiffs have done so "for the purpose of acquiring a favorable forum." B&B Equip., Inc. v. Hanner, No. 1:05 CV 082 M, 2005 WL 2388275, at *2 (W.D. Ky. Sept. 27, 2005); see also AmSouth, 386 F.3d at 788. Such declaratory actions have the effect of "deter[ring] settlement negotiations and encourag[ing] races to the courthouse . . . ." Id. The Sixth Circuit has recognized that the policy underlying the Declaratory Judgment Act is not supported "where a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit . . . ." AmSouth, 386 F.3d at 788. The only purpose of such a suit is "to guarantee to the declaratory plaintiff her choice of forum-a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." Id. (citing Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 712 (7th Cir. 2002)). Here, the policy reasons underlying the Declaratory Judgment Act would not be served if the Blands are allowed to continue this Declaratory Judgment Action. The only purpose in filing this suit mere weeks before Southline filed its Coercive Action was to guarantee a forum of their choosing.

The Blands argue in their motion to supplement that the Court in the Coercive Action has already determined that Kentucky is a more appropriate forum for purposes of litigating this controversy. See Southline Steel Indus., Inc. v. Bland Metals, Inc., No. CV-08-J-2177-S, slip op. at 9 (N.D. Ala. Dec. 10, 2008) ("Kentucky is the more appropriate forum to hear this controversy."). However, in transferring the Coercive Action to the Western District of Kentucky, the Court in Alabama may have changed the forum in which the controversy is litigated, but not necessarily the applicable substantive law or choice of law provisions. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) ("[I]n cases . . . where the defendants seek transfer, the transferee district court must be

obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under [28 U.S.C. §] 1404(a) generally should be, with respect to state law, but a change of courtrooms."). See also Northland Ins. Co. v. Guardsman Prods., Inc., 141 F.3d 612, 616 (6th Cir. 1998) ("The transferee court must apply the law of the state where the suit was originally filed, including that state's choice of law rules."). The Blands would be able to determine the validity of the guaranty agreements according to Kentucky law by preemptively filing this Declaratory Judgment Action even if the Court in the Coercive Action were to determine that Alabama law should be applied to the controversy. For these reasons, this factor weighs in favor of dismissing this action.

### *4. Better or More Effective Alternative Remedy*

Judicial resources would best be preserved by having this matter decided in one action. The Courts in this matter would likely be duplicating efforts if this Declaratory Judgment Action were allowed to proceed. Because the other factors weigh in favor of dismissal,[2] this matter is best resolved by having the Blands raise their arguments either as a defense or counterclaim in the Coercive Action.

---

[2] Because there are no state cases pending, the factor related to friction between state and federal courts does not weigh heavily in favor of or against allowing this action to proceed.

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss [DN 6] by Defendant Southline Steel Industries, Inc. is **GRANTED WITHOUT PREJUDICE**.  **IT IS FURTHER ORDERED** that the motion to supplement [DN 11] by the plaintiffs, Vicki Bland and Jeff Bland, is **GRANTED**.


cc:     Counsel of Record